RICHARD L. STRADLEY AND SUSAN M. STRADLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stradley v. Commissioner
Docket No. 2079-83.
United States Tax Court
T.C. Memo 1986-424; 1986 Tax Ct. Memo LEXIS 182; 52 T.C.M. (CCH) 423; T.C.M. (RIA) 86424; September 10, 1986. Richard L. Stradley, for the petitioners. Patricia Beary, for the respondent. CLAPP
MEMORANDUM FINDINGS *183 OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $886.21 for the taxable year 1980. The issues for decision are (1) whether petitioners are liable for self-employment tax under section 1401 and section 1402; [1] and (2) whether petitioners are entitled to deduct an amount for compensation allegedly paid by petitioner Richard Stradley to his wife Susan Stradley for secretarial services. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Richard L. Stradley (hereinafter referred to as Richard) and Susan M. Stradley (hereinater referred to as Susan) resided in Montana at the time they filed the petition in this case. During the year 1980, petitioners were husband and wife and filed a joint Federal income tax return for 1980 with the Internal Revenue Service *184 Center at Ogden, Utah. Richard worked as a self-employed attorney during 1980. The net earnings from his law practice, as stated on Schedule C of petitioners' joint return, were $10,940.88. Petitioners paid no self-employment tax in 1980. On petitioners' joint return on line 48 which calls for the amount of self-employment tax, petitioners filled in "Exempt Form 4029." Richard filed a Form 4029 which is an application for exemption from self-employment tax pursuant to section 1402(g). Richard certified on the form that he was and has been a member of the body of Christ since September 10, 1958. Attached to the form was a statement of his beliefs including his beliefs in the teachings from the Bible. His application was denied by the Internal Revenue Service for the stated reasons that his sect or division thereof did not have the established tenets or teachings referred to in section 1402. A notice of deficiency was issued to petitioners determining a deficiency in petitioners' Federal income tax on the grounds that petitioners were liable for payment of self-employment tax. No amount was deducted on the Schedule C of petitioners' return for a salary for secretarial services. *185 When the petition was filed in this case, petitioners stated that Richard neglected to claim the salary of his wife Susan on their tax return in the amount of $10,660 or $260 a week for 41 weeks. No written or oral contract for employment was entered into between Richard and Susan. No direct payments of salary were made to Susan. Richard deposited funds from his law practice in a joint checking account. He and Susan could draw on this account as he or she desired. Their personal living expenses were paid in large part from this joint account. Richard could not have afforded to pay an unrelated person a salary of $10,660. OPINION The issue for decision is whether petitioners are liable for payment of self-employment tax. Petitioners have the burden of proving that they are not so liable. Rule 142(a). Richard claims that he is exempt from payment of self-employment tax pursuant to section 1402(g). Section 1402(g)(1) provides as follows: (g) Members of Certain Religious Faiths. -- (1) Exemption. -- Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the *186 tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by -- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, *187 and Welfare finds that -- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver. Richard claims to be a member of the Body of Christ and to have been a member since his baptism when he was six years old. Richard defines the Body of Christ as consisting of all believers in Christ. In his brief he explains that he "is not a member of some way-out religious cult, but merely a devout Christian, dedicated to learning and doing God's specific will for him, and in following the principles laid out in God's *188 Word, the Bible." The statutory exemption is narrowly drawn and applies only to those who are members of a "recognized religious sect or division thereof" and who are "adherents of established tenets or teachings of such sect or division by reason of which [they are] conscientiously opposed to acceptance of the benefits of any public or private insurance" as outlined in the statute. The exemption does not apply to individuals whose personal religious beliefs are the basis for the conscientious objections. . In that case, the reason for this distinction was explained: The limitation by Congress of the exemption to members of religious sects with established tenets opposed to insurance and which made reasonable provisions for their dependent members was in keeping with the overall welfare purpose of the Social Security Act. This provision provided assurance that those qualifying for the exemption would be otherwise provided for in the event of their dependency. Congress could reasonably conclude that individuals on their own could not be relied upon to make such provision. "No well-ordered society can leave to the individuals *189 an absolute right to make final decisions, unassailable by the States, as to everything they will or will not do." . * * * [.] See also , affg. a Memorandum Opinion of this Court; . Richard cites , for the proposition that there are others who hold beliefs similar to his. That case is inapposite. It involved whether contributions to a certain church qualified for deduction under section 170 -- a matter distinct from qualification under section 1402(g). While there may be other individuals who hold similar beliefs, petitioner has not shown that he is a member of a recognized religious sect -- a prerequisite for exemption under the statute. In addition, the statute requires a determination by the Secretary of Health, Education and Welfare (HEW) (now Secretary of Health and Human Services) that the sect has the established tenets or teachings referred to in section 1402 *190 and that the sect makes provisions for its dependent members. There is no evidence in the record that the Secretary of HEW made such a finding. Richard admits on brief that the Secretary has not made a determination. Therefore, it is clear that Richard fails to meet the requirements for exemption under the statute. Richard's constitutional objections have been discussed extensively and rejected in numerous cases, including ;; and , and further discussion would serve no useful purpose. Petitioners claimed in their petition that they neglected to claim a salary paid to Susan of $10,660. Had this amount been claimed no self-employment tax would be due. There is little probative evidence in the record to substantiate the secretarial services rendered by Susan. There was no oral or written contract of employment or any agreement as to weekly compensation. Richard testified that there was an understanding that Susan would be paid as funds became available because he did not know in advance what his net earnings would be.Amounts *191 were deposited in a joint checking account used to pay their living expenses. He testified that the reason he hired his wife was that he could not have afforded to pay another person the same salary since there would be nothing left to live on. In view of the family relationship and in the absence of evidence substantiating the services performed, an employment relationship and actual payment of salary, we conclude that no amount is deductible from net earnings for salary paid to Susan. Based on the foregoing, respondent's determination is sustained. Accordingly, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect for the year at issue, and all rule references are to the Tax Court Rules of Practice and Procedures.↩